```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA            :
                                    :
            -v.-                    :    SUPERSEDING INDICTMENT
                                    :
SHIVANAND MAHARAJ,                  :
                                    :    S3 17 Cr. 169 (JGK)
            Defendant.              :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 1 1 2019

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

1. From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, SHIVANAND MAHARAJ, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1343 and 1346.

2. It was a part and an object of the conspiracy that SHIVANAND MAHARAJ, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive health and retirement benefits funds (the "Funds") of their intangible rights to the honest services of the co-head of Information Technology ("IT") for the Funds, would and did transmit and cause to be transmitted by means of wire communication in

interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, MAHARAJ and his co-conspirators devised a scheme for the co-head of IT to accept kickbacks from MAHARAJ and others for referral of IT work from the Funds to Maharaj Ltd., Sytrex LLC, and Z Tech Solutions and approval of invoices for IT work from Maharaj Ltd., Sytrex LLC, and Z Tech Solutions.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Wire Fraud)

The Grand Jury further charges:

3. From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, SHIVANAND MAHARAJ, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the Funds of their intangible rights to the honest services of the co-head of IT for the Funds, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, MAHARAJ devised a scheme for the co-head of IT for the Funds to

accept kickbacks from MAHARAJ and others for referral of IT work from the Funds to Maharaj Ltd., Sytrex LLC, and Z Tech Solutions and approval of invoices for IT work from Maharaj Ltd., Sytrex LLC, and Z Tech Solutions.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

**COUNT THREE**
(Conspiracy to Give and Offer Kickbacks Because of and to Influence the Operation of an Employee Benefit Plan)

The Grand Jury further charges:

4. From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, SHIVANAND MAHARAJ, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States.

5. It was a part and an object of the conspiracy that SHIVANAND MAHARAJ, the defendant, would and did directly and indirectly give, offer, and promise to give and offer fees, kickbacks, commissions, gifts, loans, money and things of value, to the co-head of IT for the Funds, the co-head of IT being an officer, agent, and employee of an employee welfare benefit plan and employee pension benefit plan, as those terms are defined in Title 18, United States Code, Section 1954, to wit, the health and retirement plans administered by the Funds, because of, and with intent to influence, the co-head of IT for the Funds with

3

respect to, actions, decisions, and other duties relating to questions and matters concerning such plan, in violation of Title 18, United States Code, Section 1954, to wit, MAHARAJ and others agreed that MAHARAJ and others would give and offer kickbacks to the co-head of IT for the Funds because of, and with the intent that the co-head of IT be influenced with respect to, the referral of IT work for the plans administered by the Funds to Maharaj Ltd., Sytrex LLC, and Z Tech Solutions and approval of invoices for IT work from Maharaj Ltd., Sytrex LLC, and Z Tech Solutions.

## Overt Acts

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about May 21, 2012, the co-head of IT for the Funds approved an invoice submitted by Maharaj Ltd. in the amount of approximately $4,200.

    b. On or about June 4, 2012, SHIVANAND MAHARAJ, the defendant, made a payment of approximately $3,565 to the co-head of IT for the Funds.

4

c. On or about September 9, 2013, the co-head of IT for the Funds approved an invoice submitted by Maharaj Ltd. in the amount of approximately $4,800.

d. On or about September 23, 2013, MAHARAJ made a payment of approximately $3,100 to the co-head of IT for the Funds.

(Title 18, United States Code, Section 371.)

**COUNT FOUR**
(Giving and Offering Kickbacks Because of and to Influence the Operation of an Employee Benefit Plan)

The Grand Jury further charges:

7. From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, SHIVANAND MAHARAJ, the defendant, knowingly directly and indirectly gave, offered, and promised to give and offer fees, kickbacks, commissions, gifts, loans, money, and things of value, to the co-head of IT for the Funds, the co-head of IT being an officer, agent, and employee of an employee welfare benefit plan and employee pension benefit plan, as those terms are defined in Title 18, United States Code, Section 1954, to wit, the health and retirement plans administered by the Funds, because of, and with intent to influence, the co-head of IT for the Funds with respect to, actions, decisions, and other duties relating to questions and matters concerning such plan, to wit, MAHARAJ gave and offered kickbacks to the co-head of IT for the

5

Funds because of and with the intent to influence the co-head of IT with respect to the referral of IT work for the plans administered by the Funds to Maharaj Ltd., Sytrex LLC, and Z Tech Solutions and approval of invoices for IT work from Maharaj Ltd., Sytrex LLC, and Z Tech Solutions.

(Title 18, United States Code, Sections 1954 and 2.)

### FORFEITURE ALLEGATIONS

8. As a result of committing the offenses alleged in Counts One and Two of this Indictment, SHIVANAND MAHARAJ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

9. As a result of committing the offenses alleged in Counts Three and Four of this Indictment, SHIVANAND MAHARAJ, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of such offenses.

6

**Substitute Assets Provision**

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981 and 982;
      Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

GEOFFREY S. BERMAN
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SHIVANAND MAHARAJ,

Defendant.

## SUPERSEDING INDICTMENT

S3 17 Cr. 169 (JGK)

(18 U.S.C. §§ 371, 1343, 1346, 1349, 1954 and 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

7/11/19 Filed Superseding Indictment
dc.

J Pitman
M-S.WJ