# EXHIBIT C

Government's Response, dated July 1, 2026 (S.D.N.Y. ECF No. 373)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 1, 2026

**By ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>    Re:    *United States v. Shivanand Maharaj*, **17 Cr. 169 (JGK)**

Dear Judge Koeltl:

The Government respectfully submits this letter in response to the Court's June 25, 2026 order to respond to defendant Shivanand Maharaj's motion for early termination of his term of supervised release (the "Motion"). (*See* Dkts. 368, 371). For the reasons below, the Motion should be heard by the defendant's supervising court in the District of New Jersey and therefore should be denied without prejudice to renewal in that jurisdiction.

On January 16, 2025, this Court ordered that jurisdiction over the defendant's term of supervised release be transferred, along with this Court's records of the instant case, to the District of New Jersey upon that court's acceptance of jurisdiction. (Dkt. 365). The District of New Jersey accepted jurisdiction over the defendant's supervision on January 27, 2025. (*See* Dkt. 366; *see also United States v. Maharaj*, 2:25 Cr. 47 (BRM) (D.N.J. Jan. 27, 2025)). Accordingly, the District of New Jersey now holds jurisdiction over this matter, and the Motion should be denied without prejudice to renewal in that jurisdiction. *See United States v. Omar Castro Lopez*, 11 Cr. 569 (PAC) (S.D.N.Y. Feb. 27, 2021), Dkt. 624 (denying request for early termination of supervised release because "[d]efendant's request should be made to the [transferee] District"); *see also United States v. D'Amario*, 178 Fed. Appx. 151, 152 (3d Cir. 2006) ("[T]he District of New Jersey transferred jurisdiction over [defendant's] supervised release . . . . Thus, the District of New Jersey no longer has jurisdiction . . . and properly denied his motion [for early termination]."); *United States v. Clark*, 405 F. Appx. 89, 92 (8th Cir. 2010) (dismissing appeal because district court lacked jurisdiction to determine motion for early termination post-transfer).[1]

>    Respectfully submitted,
>
>    JAY CLAYTON
>    United States Attorney
>
>    By:    ___/s/_____
>    Nicholas D. Pavlis
>    Assistant United States Attorney
>    (212) 637-1068

---

[1] Should the Court disagree, the Government respectfully requests an additional two weeks to respond to the Motion, including to brief issues such as the defendant's outstanding restitution balance of at least $1,736,744.90, according to the U.S. Probation Office.